UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE,

        Plaintiff,                  CIVIL ACTION NO. 11-CV-13114

vs.

                                           DISTRICT JUDGE STEPHEN J. MURPHY

CITY OF WARREN, WARREN        MAGISTRATE JUDGE MONA K. MAJZOUB
POLICE DEPARTMENT, CARLOS
COLLINS, GLENN BRYMER,
MARTIN KROLL, WILLIAM WILKE,
and JAMES FOUTS,

        Defendants.
_____/

**I.**    **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant City of Warren, James Fouts, Glenn Brymer, Martin Kroll, William Wilke, and the Warren Police Department (docket no. 10) be **GRANTED**.

**II.**    **REPORT:**

        This matter comes before the Court on the Motion to Dismiss filed by Defendant City of Warren, James Fouts, Glenn Brymer, Martin Kroll, William Wilke, and the Warren Police Department. (Docket no. 10). Plaintiff did not file a response and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

        Plaintiff filed this *pro se* civil rights action for money damages and equitable relief on

1

allegations that Defendants deprived Plaintiff and/or his family members of their constitutional rights. Plaintiff contends that bail bondsman Carlos Collins gave false information in a police report indicating that he saw Plaintiff at a family residence on Walker Avenue in Warren Michigan. (Docket no.1, ¶ 4). Warren police officers, acting on this information, allegedly arrived at the Walker Avenue residence and drew their weapons on Plaintiff's family members, Cheryl, Daniel, and Robert Boniecki. (Docket no. 1, ¶ 4). Plaintiff claims that he was not at the residence when the events occurred. (Docket no. 1, ¶ 8). He further alleges that the "Warren Police" failed to verify Collins' statement before they acted on it. (Docket no. 1, ¶ 8). Plaintiff also maintains that Defendant bail bondsman Carlos Collins had knowledge that Plaintiff attended a prior court hearing, and contends that Collins was involved in a conspiracy with Judge Matthew Switalski and another individual to deprive Plaintiff of his constitutional rights. (Docket no. 1, ¶ 6). Finally, Plaintiff contends that the Mayor of Warren, Defendant James Fouts, violated 18 U.S.C. § 4 when he covered up the crimes that his police department committed. (Docket no. 1, ¶ 14).

Plaintiff seeks monetary damages in the amount of $20 million, and asks the Court to stop the Defendants' harassment, permit this matter to be heard by a Grand Jury, issue a restraining order against Defendants, and direct the FBI to investigate this case. (Docket no. 1, pp. 6-7). Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Younger Abstention Doctrine.

**B.    Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most

favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. at 555, 570. Although Defendants submitted a police report in support of their motion (docket no. 11), the Court considered only the pleadings in ruling on this motion.

**C.     Analysis**

Defendants maintain that they are entitled to dismissal of Plaintiff's complaint because it fails to set forth material allegations with respect to the claims against each Defendant. Upon review, Plaintiff's complaint fails to mention any allegations pertaining to Defendants Glenn Brymer, Martin Kroll, and William Wilke. Even assuming that these Defendants are the Warren police officers referenced in the complaint who allegedly drew their weapons on Plaintiff's family members, Cheryl, Daniel, and Robert Boniecki, the complaint still fails to state a viable claim against these Defendants. The complaint states that Plaintiff was not present at the residence when the officers drew their weapons. A plaintiff does not have standing to assert the rights of others under 42 U.S.C. § 1983. *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984) (a cause of action under § 1983 is a personal action cognizable only by the party whose civil rights have been violated). Therefore, the complaint fails to state facts to show that Defendants Brymer, Kroll, or Wilke violated Plaintiff's constitutional rights.

Additionally, the complaint fails to assert any facts to show that Defendant City of Warren or Defendant Warren Police Department executed a policy or custom that caused the alleged deprivation of Plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

(1978). Furthermore, since there is no private civil right of action under 18 U.S.C. § 4, the complaint does not state a plausible claim for relief against Defendant Fouts. Finally, Plaintiff's allegations against Defendant Collins are not specific enough to state a plausible claim against this Defendant.

Having concluded that Plaintiff has failed to state plausible claims for relief against the named Defendants, the Court declines to address Defendants' alternative grounds for relief and instead recommends that Defendants' motion be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 18, 2012            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE




## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Teddy Lawrence and Counsel of Record on this date.


Dated: June 18, 2012            s/ Lisa C. Bartlett
                                Case Manager